UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY FRANKLIN,

        Petitioner,                                    Case Number 09-13466

v.                                                         Honorable David M. Lawson

JEFF WOODS,

        Respondent.

_____/

## ORDER DENYING MOTION FOR BOND PENDING DETERMINATION OF PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the petitioner's motion for bond pending determination of his petition for a writ of habeas corpus.

On November 14, 1995, petitioner Ricky Franklin was convicted by a jury in Oakland County Circuit Court of one count of conspiracy to make or deliver more than 650 grams of cocaine. He was sentenced to life without parole.

On September 1, 2009, Franklin filed a petition for writ of habeas corpus. The petition presents claims relating to: (1) ineffective assistance of trial and appellate counsel; (2) offering of perjured testimony by the prosecutor; (3) denial of the petitioner's request to strike an in-court identification; and (4) denial of the petitioner's motion for a directed verdict. Franklin also alleges that: (1) there are "inconsistencies between the video tape of the trial and the trial transcripts"; and (2) a key prosecution witness lied in his testimony. Petition at 3.

On August 24, 2012, the petitioner filed a motion for bond pending the determination of his petition. Federal Rule of Appellate Procedure 23 governs release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction. *United States v. Cornish*, 89

Fed. App'x 569, 570 (6th Cir. 2004). A prisoner seeking release from custody under Rule 23 must demonstrate (1) a substantial claim of law based on the facts surrounding the petition; and (2) the existence of some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990). The finding of a substantial question alone does not justify a grant of bail pending the Court's decision on the merits of the petition. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir.1993).

The Court has reviewed the petition and the motion for bail and finds that the petitioner has not shown the existence of a substantial question of law, and he has not shown circumstances making his request for bail exceptional and deserving of special treatment in the interests of justice. The Court will therefore deny the motion.

Accordingly, it is **ORDERED** that the petitioner's motion for bail pending the determination of his petition [dkt. #15] is **DENIED**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated:   August 31, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2012.

> s/Deborah R. Tofil
> DEBORAH R. TOFIL