UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY FRANKLIN,

       Petitioner,                                           Case Number 09-13466

v.                                                      Honorable David M. Lawson

JEFF WOODS,

       Respondent.

_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Ricky Franklin, filed a petition for a writ of habeas corpus, alleging twelve grounds for relief. The petitioner contends that (1) his trial and appellate counsel were ineffective, (2) the trial court erred by admitting or excluding various items of testimony, (3) the trial court improperly denied his motions for a new trial and for a directed verdict, (4) the prosecutor knowingly allowed a witness to give false testimony and made comments that improperly shifted the burden of proof during closing arguments, (5) the evidence at trial was insufficient to establish guilt beyond a reasonable doubt, (6) the trial court improperly instructed the jury on whether small drug transactions could be aggregated to meet a statutory minimum quantity, (7) cumulative error required the grant of habeas relief, and (8) the trial court applied the wrong legal standard in deciding the petitioner's postconviction motion for relief from judgment.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate

Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that none of the petitioner's claims have merit, that the petitioner has not established that a decision of any state court on the issues he raises was contrary to or an unreasonable application of clearly established federal law, and that reasonable jurists could not debate the Court's conclusions at to any of the claims that the petitioner has raised. The Court therefore will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:  November 19, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 19, 2012.

                                          s/Deborah R. Tofil
                                          DEBORAH R. TOFIL